TERRI F. LOVE, Judge.
11 Mr. Robert Nettle appeals the trial court judgment granting summary judgment in favor of Frischhertz Electric Company, Inc. We find that Mr. Nettle has set forth no evidence which would support the view that he will be able to maintain his burden of proof at trial. Accordingly, we find' that the trial court was correct in granting the motion for summary judgment.
FACTUAL AND PROCEDURAL HISTORY
In September 2001, the appellant, Robert Nettle (“Mr. Nettle”), was a journeyman plumber, who was assigned by a union to work for Mechanical Construction Company (“MCC”) as a journeyman plumber. Mr. Nettle performed water and leak testing at the St. Tammany Parish Justice Center worksite by filling the water and cooling systems with water and checking for leaks.
In his deposition, Mr. Nettle described the incident at issue herein as follows:
“As I was ending up the day and Timmy Morey (phonetic), he was finishing up a repair on a water line that we found when I was leak checking it, and kind of in the process and doing this and that, I got soaking wet and we just called it a day. As I was going to put my tools up, Earl called me over the radio and asked me how I was making out with repairing the leak; and I walked up and George Lingo was standing there and I just started talking to George by the time that Earl called over the radio and I took the radio out and put the bucket — I had the radio inside the bucket, so I went to set the |2bucket down and was talking to Earl on the radio and I remember either touching or leaning up against the man-lift and the next thing I *1146 remember, I was laying [sic] on my back and I had trouble breathing.”
Thereafter, Mr. Nettle sought medical care at Slidell Memorial Hospital, where he complained of shortness of breath and pain in his right shoulder.
Mr. Nettle filed a petition for damages against Frischhertz Electric Company, Inc. (“Frischhertz”), an electrical contractor on the worksite. Frischhertz filed a motion for summary judgment alleging that Mr. Nettle had no evidence regarding any alleged negligence on the part of Frischhertz that was a possible cause-in-fact of the accident or any alleged breach of any duty that Frischhertz may have owed him. The trial court granted the motion for summary judgment, and this appeal followed.
STANDARD OF REVIEW
In determining whether summary judgment is appropriate, appellate courts are to review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is proper. Suire v. Lafayette City-Parish Consolidated Government, 04-1459 (La.4/12/05), 907 So.2d 37. Additionally, under the manifest error standard, a reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Chavers v. Travis, 04-992 (La.App. 4 Cir. 4/20/05), 902 So.2d 389.
SUMMARY JUDGMENT
Mr. Nettle contends that the trial court erred in granting the appellee’s motion for summary judgment because factual disputes exist, which should have | ^precluded the granting of the motion. Mr. Nettle alleges negligence on the part of Frisch-hertz, and the appellee maintains that there is no evidence to prove that Frisch-hertz was negligent or caused Mr. Nettle’s injuries.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966(A)(2) and (B). The burden of proof remains with the mov-ant. La.Code Civ. Proc. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Id. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits, or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La.Code Civ. Proc. art. 967(B).
*1147 |/The determination of liability in a negligence action usually requires proof of five separate elements: (1) proof that the defendant has a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant’s conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element); (4) proof that the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element). Boykin v. Louisiana Transit Co., 96-1932 (La.3/4/98), 707 So.2d 1225; Allums v. Parish of Lincoln, 44,304 (La.App.2d Cir.6/10/09), 15 So.3d 1117.
Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles of La. C.C. art. 2315. Generally, the outset determination in the duty-risk analysis is the cause-in-fact. Id. Cause-in-fact is a “but for” inquiry which tests whether the accident would or would not have happened but for the defendant’s substandard conduct. Id. Where there are concurrent causes of an accident, the proper inquiry is whether the conduct in question was a substantial factor in bringing about the accident. Id. Although the cause-in-fact inquiry is a factual determination best made by the fact-finder, summary judgment may be appropriate when there is no evidence to show that the defendant’s negligence caused the plaintiffs injuries. See, e.g., Williamson v. Monroe Medical Clinic, 37,463 (La.App 2d Cir.8/20/03), 852 So.2d 1192.
We have reviewed this record in its entirety, and we find no factual support in the record for Mr. Nettle’s claim that Frischhertz was the cause-in-fact or substantial factor in bringing about his injuries.
| sMr. Nettle alleges that he was shocked and fell when he made contact with the manlift on the worksite when either resting his arm on it or leaning against it. The appellees assert that while it is undisputed Mr. Nettle fell, there is no evidence that any electrical shock or anything else controlled by Frischhertz caused Mr. Nettle fall. The manlift that Mr. Nettle allegedly touched, which resulted in an alleged shock, was not Frischhertz’s property; the manlift was owned by Mr. Nettle’s employer, MCC.
Mr. Nettle alleges that the electrical system was in the exclusive control of Frischhertz and the Ground Fault Interrupter (GFI) was not functioning properly. Mr. Nettle, however, failed to introduce evidence to support this claim. No expert testimony was introduced in the trial court. Instead, Mr. Nettle relied on the testimony of other workers on the site-George Lingo, Jr., a plumber employed by MCC on the worksite, Troy Maillet, work-site pipe fitter/welder, and Robert Costello, a project foreman.
Mr. Lingo testified that around “quitting time,” he plugged in the manlift to charge it overnight. Mr. Lingo testified that he did not recall having any particular mechanical problems with the manlift during the day, and Mr. Nettle sat his tools on the ground beside the manlift and was talking on the radio. He further testified that Mr. Nettle leaned on the machine and that Mr. Nettle fell down to the ground and was “sort of shaking around.” Mr. Lingo recalled the manlift being unplugged from a ground fault interrupter outlet after the incident, and he testified that there was no evidence of dripping water on the electrical outlet at issue on the day in question.
Mr. Lingo further testified that he did not recall anyone else indicating to him *1148 after the incident that they actually witnessed what occurred. Mr. Nettle | r,testified that he had no specific knowledge that he was shocked and relied on what Mr. Maillet and Mr. Lingo told him about the incident. Nevertheless, Mr. Lingo testified that he believed Mr. Maillet came walking up to the incident after it occurred.
Mr. Maillet also testified that he came to the area after the incident occurred and observed Mr. Nettle moving “like he was having a seizure more or less.” Mr. Mail-let also testified that he grabbed the railing of the manlift and felt a jolt. He opined that this jolt was from electrical shock.
Further, to support his position that Frischhertz caused his alleged injury, Mr. Nettle places great weight on the testimony of Mr. Costello, during which Mr. Costello hypothesized that if a receptacle is in use and the environment is not waterproof, a shocking hazard is possible. Mr. Costello also testified that he tested all the GFIs shortly after the incident and they worked properly. We do not find specific factual evidence in Mr. Costello’s opinion on what could possibly occur under these circumstances. We further find this testimony factually insufficient to support the inference that this is what actually occurred in the incident.
We agree with the trial court’s assessment that Mr. Nettle failed to establish causation of his fall and injury. “The trier of fact is in the best position to determine the extent of the accident and resultant injuries, if any.” Ursin v. Russell., 07-869, p. 8 (La.App. 5 Cir. 2/6/08), 979 So.2d 554, 559. However, the record reflects that Mr. Nettle was taken to Slidell Memorial Hospital where he was examined after the incident in question. The Emergency Department Exam/Order/Progress Sheet states that Mr. Nettle “supposedly sustained electrical shock” and he possibly fell on his shoulder and the examining physician noted that that there were “no electrical burns seen on the body.”
|7We find that the appellee properly raised genuine issues of material fact as to causation and issues surrounding the alleged injuries Mr. Nettle. While Mr. Nettle claims that based on information and belief, the shock from the scissors lift was due to inadequacies in the electrical system, he has failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Mr. Nettle failed to show that there is any genuine issue of material fact or that Frischhertz was not entitled to summary judgment as a matter of law. Accordingly, we find that the trial court appropriately granted summary judgment in favor of Frischhertz.
DECREE
For the foregoing reasons, the ruling of the trial court is affirmed.
AFFIRMED.
ARMSTRONG, C.J., concurs in the result.
MURRAY, J., concurs in the result.