TERRI F. LOVE, Judge.
 

 |! This appeal arises from the plaintiffs failure to successfully adjudicate his claim of bad faith against the defendant insurer. The trial court granted the defendant’s motion for summary judgment dismissing the plaintiffs claims. After reviewing the record and finding that no genuine issues of material fact exist as to bad faith, we affirm.
 

 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
 

 Gary Long owned property damaged by Hurricane Katrina and insured by American Security Insurance Company (“ASIC”). It is undisputed that ASIC insured Mr. Long’s dwelling and “other structure” with policy limits of $173,000, $17,300, respectively. Mr. Long reported his claim to ASIC in October 2005, and ASIC tendered $31,433.24 for dwelling damages and $17,300 for damage to the “other structure” within the same month. However, Mr. Long did not agree with the dwelling estimate and contested said estimate on January 9, 2006. ASIC instructed Mr. Long to obtain two contractor estimates to dispute the dwelling estimate.
 

 Mr. Long did not submit the estimates. Instead, on May 30, 2007, ASIC received a letter whereby Mr. Long invoked the ap
 
 *262
 
 praisal process contained in the | ginsurance policy. The letter also named Mr. Long’s chosen appraiser. On June 7, 2007, ASIC retained an appraiser and notified Mr. Long. ASIC’s appraiser’s estimate totaled $116,932.10. Substantially higher, Mr. Long’s appraiser’s estimate totaled $513,335.07. On July 6, 2007, in compliance with the appraisal process, the two appraisers opted for the usage of an umpire because they were unable to reach an agreement. By August 7, 2007, the umpire notified ASIC that Mr. Long’s appraiser had not forwarded his estimate. However, on October 8, 2007, the umpire forwarded his ruling finding a dwelling wind damage claim of $387,864.07. ASIC tendered the policy limits of $141,566.76 on November 1, 2007.
 

 Mr. Long filed a petition for damages against ASIC, prior to the resolution of the self-invoked appraisal process, alleging that it failed to initiate loss adjustment and failed to comply with La. R.S. 22:658 and La. R.S. 22:1220. ASIC filed a notice of removal to the United States District Court, Eastern District of Louisiana (“EDLA”) based on the alleged diversity of parties. However, the EDLA remanded the case for lack of subject matter jurisdiction.
 

 ASIC then filed a motion for summary judgment contending that it paid the policy limits, which thereby limited Mr. Long’s claims to those of bad faith. The trial court granted ASIC’s motion for summary judgment, dismissed Mr. Long’s claims, and his appeal followed.
 

 STANDARD OF REVIEW
 

 Appellate courts review motions for summary judgment utilizing the
 
 de novo
 
 standard of i’eview and analyze the case with criteria governing the trial court.
 
 Nettle v. Frischhertz Elec. Co. Inc.,
 
 09-1404, p. 2 (La.App. 4 Cir. 5/26/10), 40 So.3d 1144, 1146.
 

 laA motion for summary judgment shall be granted when “pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). The mover bears the burden of proof. La. C.C.P. art. 966(C)(2).
 

 However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.
 

 La. C.C.P. art. 966(C)(2). Afterwards, “if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2).
 

 BAD FAITH
 

 Mr. Long asserts that the trial court erred by granting ASIC’s motion for summary judgment based on ASIC’s alleged failure to tender the “undisputed portion” of the appraisers estimates within thirty days and claims that the appraisal process does not interrupt the thirty-day time period.
 
 [1]
 
 Mr. Long asserts that he is entitled to penalties and attorney’s fees
 
 *263
 
 pursuant to La. R.S. 22:658 and La. R.S. 22:1220.
 
 [2]
 
 La. R.S. 22:658(A)(l)’s prohibited conduct “is virtually identical to the conduct prohibited in LSA-R.S. 22:1220(B)(5): the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, 14capricious, or without probable cause.”
 
 Reed v. State Farm Mut. Auto. Ins. Co.,
 
 03-0107, p. 12 (La.10/21/03), 857 So.2d 1012, 1020. “One who claims entitlement to penalties and attorney fees has the burden of proving the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause.”
 
 Reed,
 
 03-0107, p. 13, 857 So.2d at 1020. The plaintiff also has to show a lack of compliance with the time periods.
 
 See
 
 La. R.S. 22:658 and La. R.S. 22:1220. “The phrase ‘arbitrary, capricious, or without probable cause’ is synonymous with ‘vexatious,’ and a ‘vexatious refusal to pajf means ‘unjustified, without reasonable or probable cause or excuse.’ ”
 
 Louisiana Bag Co., Inc. v. Audubon Indem. Co.,
 
 08-0453, p. 14 (La.12/2/08), 999 So.2d 1104, 1114,
 
 quoting Reed,
 
 03-0107, pp. 13-14, 857 So.2d at 1021.
 

 Mr. Long avers that
 
 Willwoods Cmty. v. Essex Ins. Co.,
 
 09-651 (La.App. 5 Cir. 4/13/10), 33 So.3d 1102, is dispositive.
 
 Wilhvoods
 
 involved a motion for summary judgment based on a claim of penalties and attorney’s fees against a second excess insurer. 09-651, p. 3, 33 So.3d at 1105. After the
 
 Willwoods
 
 plaintiffs invoked the appraisal process, the excess insurer tendered two unconditional payments prior to the umpire rendering a decision.
 
 Id.,
 
 09-651, pp. 3-4, 33 So.3d at 1105-06. The Fifth Circuit upheld the granting of the motion for summary judgment stating that the insurer’s last unconditional tender pri- or to the umpire’s ruling “was based at least partly on Mr. Reilly’s ‘suggested appraisal award.’ ”
 
 Willwoods,
 
 09-651, p. 12, 33 So.3d at 1111. The court held that this confirmed that the insurer possessed “undisputed written proof’ of additional damages beyond its original tender.
 
 Id.
 
 The unconditional tenders made prior to the umpire’s ruling, caused the trial court and the Fifth Circuit to question the insurer’s belief as to a contested amount of monies due.
 
 Willwoods,
 
 09-651, p. 13, 33 So.3d at 1112.
 

 We find
 
 Willwoods
 
 distinguishable from the facts and circumstances of the present case. The appraisal clause that Mr. Long invoked provided as follows:
 

 13. Appraisal. If the Named Insured and we fail to agree on the actual cash value or amount of loss, either party may make written demand for an appraisal. Each party will select an appraiser and notify the other of the appraiser’s identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, the Named Insured or we can ask a judge of a court of record in the state of the described location to select an umpire.
 

 The appraisers will appraise the loss, based on the method of payments specified in the policy for each item. If the appraisers submit a written report to us, that amount will be the actual cash value of the loss. If they cannot agree, they will submit their differences to an umpire. A written award by any two will determine the amount of the loss.
 

 Each party will pay the appraiser it chooses and his expenses, and equally pay expenses for the umpire and all other expenses of the appraisal.
 

 
 *264
 
 Unlike in
 
 Wülwoods,
 
 ASIC fully complied with the appraisal clause of the insurance policy. ASIC did not tender payments to Mr. Long during the completion of the appraisal process, which unlike
 
 Wülwoods,
 
 provides credence that the amount owed to Mr. Long was disputed. Additionally, the record reveals that ASIC tendered Mr. Long’s dwelling policy limits within thirty days of the umpire’s ruling.
 

 The trial judge granted ASIC’s motion for summary judgment because Mr. Long failed to present evidence that ASIC acted in an arbitrary or capricious manner without probable cause. The trial judge stated that “there is not any evidence here that they did anything wrong, I hate to say it like that but you have |fito show me something, and it’s nothing that’s been shown.”
 

 Mr. Long argues that ASIC should have tendered a payment to him during the appraisal process. However, complying with a contracted and self-invoked appraisal process fails to provide evidence or factual proof of vexatious, arbitrary, capricious, or conduct without probable cause. Therefore, ASIC proved that Mr. Long would not be able to satisfy his burden of proof at trial by producing factual support sufficient to establish that ASIC’s behavior was arbitrary and capricious. Accordingly, we do not find that the trial court erred and affirm.
 

 DECREE
 

 Based on the above mentioned reasons, we find that no genuine issues of material fact exist as to ASIC’s alleged bad faith and affirm.
 

 AFFIRMED.
 

 [1]
 

 . We find that this case can be resolved regarding the lack of evidence of arbitrary and capricious conduct. Therefore, we do not address whether an appraisal process interrupts the time periods contained in La. R.S. 22:658 and La. R.S. 22:1220.
 

 [2]
 

 . The statutes are now numbered La. R.S. 22:1892 and La. R.S. 22:1973, respectively.