MARION F. EDWARDS, Judge.
 

 12Pefendant/appeIlant, Jamarcus Fowler (“Fowler”), brings this appeal from a guilty plea on two counts of aggravated battery in violation of La. R.S. 14:34 and the resulting sentences of ten years at hard labor on each count to run concurrently. For reasons that follow, we affirm both the convictions and sentences, and we grant defense counsel’s motion to withdraw.
 

 Initially, Fowler entered a plea of not guilty to both charges. Subsequently, he withdrew those pleas and entered guilty pleas. Because Fowler pled guilty, there are few facts in the record before us. However, during the plea colloquy, the prosecutor stated that, if the matter went to trial, the State could prove beyond a reasonable doubt that Fowler shot two juveniles.
 

 LAW
 

 Under the procedure set forth in
 
 State v. Benjamin,
 

 [1]
 

 appointed appellate counsel has filed a brief pursuant to
 
 An-ders v. California,
 

 [2]
 

 asserting that she has | ^thoroughly reviewed the trial court record and has found no non-frivolous issues to raise on appeal. Additionally, appointed counsel has filed a motion to withdraw as counsel of record.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit.
 
 [3]
 
 The
 
 Jyles
 
 Court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 [4]
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 [5]
 
 If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits it may either, deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court or, grant the motion and appoint substitute appellant counsel.
 
 [6]
 

 
 *1138
 
 |4In the matter before us, defense appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. She further states that Fowler did not preserve any issues for review on appeal. She maintains that the record reflected that Fowler was properly represented by counsel and properly informed of his rights prior to pleading guilty. Counsel notes that Fowler was advised that the sentencing range was between zero to ten years with or without hard labor and that, if he pled guilty, he would be sentenced to ten years at hard labor on each count. She stated that the district court advised Fowler of all the factors he took into consideration in imposing the sentence and that he considered the guidelines of La. C.Cr.P. art. 894.1.
 

 Counsel indicates that no objection was made to the sentence, nor was a motion to reconsider sentence filed. She observes that Fowler testified that he was not suffering from any physical or mental impairment, that he could read, write, and understand the English language, and that he was satisfied with the way his attorney handled his case. Counsel asserts that the State provided a factual basis for the pleas, and Fowler acknowledged he committed the crimes. She states that, while motions were filed, defense counsel deemed all motions satisfied without a hearing, so there were no suppression issues to review. Finally, counsel submits that Fowler executed and signed a waiver of rights form, initialing by each of the rights he waived. She observed that the plea form indicated Fowler understood he was receiving a sen-fence of ten years on each count to run concurrently.
 

 In accordance with the procedure in these matters, this Court sent Fowler a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had the right to file a timely
 
 pro se
 
 supplemental brief. However, Fowler has not exercised that right.
 

 IflAn independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief.
 
 [7]
 

 Fowler filed several pre-trial motions, but none of those motions were heard or ruled on in the district court. Consequently, there were no trial court rulings Fowler could have preserved for appeal.
 
 [8]
 

 The record shows the district court properly advised Fowler of his right to a jury trial, his right of confrontation, and his privilege against self-incrimination, as required.
 
 [9]
 
 The judge ascertained that Fowler understood those rights and that he wished to waive them and plead guilty. Additionally, Fowler, his attorney, and the district judge signed a waiver of rights form which enumerated Fowler’s rights and detailed the sentences he would receive pursuant to his guilty plea.
 

 Fowler’s sentences on both were imposed in accordance with a plea agreement. A defendant cannot appeal or seek review of a sentence imposed in conformity
 
 *1139
 
 with a plea agreement which was set forth in the record at the time of the plea.
 
 [10]
 
 The sentencing range for aggravated battery is imprisonment with or without hard labor for not more than ten years.
 
 [11]
 
 Both of Fowler’s sentences fell within statutory limits. The district court imposed a sentence of ten years at hard labor, the maximum sentence for aggravated battery. The district judge informed Fowler that the State could have charged him with a more egregious crime carrying a longer sentence since Fowler shot two juveniles.
 

 | fiUpon independent review, we find no non-frivolous issues for appeal. We further find that appellate counsel met the minimum requirements of
 
 Anders
 
 and
 
 Jyl-es.
 
 In her brief, counsel lists the issues she considered and ruled out as possible appeal claims, but does not include citation to authority. A brief which simply states that there are no non-frivolous issues, without some discussion, and which only requests a review for errors patent, is ordinarily disallowed.
 
 [12]
 
 While counsel’s compliance with the requirements of
 
 An-ders
 
 was minimal, we agree that there are no non-frivolous issues. Accordingly, we hereby grant the motion to withdraw.
 
 [13]
 

 ERROR PATENT DISCUSSION
 

 Fowler requests an error patent review. However, this Court routinely reviews the record for errors patent regardless of whether defendant makes such a request.
 
 [14]
 
 Our review reveals no errors patent.
 

 We affirm Fowler’s convictions and sentences, and we grant defense counsel’s motion to withdraw as counsel.
 

 AFFIRMED; MOTION TO WITHDRAW GRANTED.
 

 [1]
 

 . 573 So.2d 528, 530 (La.App. 4 Cir. 1990). The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [2]
 

 . 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
 
 See also, State v. Jyles,
 
 96-2669 (La. 12/12/97), 704 So.2d 241, 242 (per cu-riam).
 

 [3]
 

 .
 
 State v. Jyles,
 
 704 So.2d at 241.
 

 [4]
 

 .
 
 Id.
 

 [5]
 

 .
 
 State v. Bradford,
 
 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [6]
 

 .
 
 Id.
 

 [7]
 

 .
 
 State v. Wingerter,
 
 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
 

 [8]
 

 .
 
 See, State v. Crosby,
 
 338 So.2d 584 (La. 1976).
 

 [9]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 [10]
 

 . La.C.Cr.P. art. 881.2 A(2).
 

 [11]
 

 . La. R.S. 14:34.
 

 [12]
 

 .
 
 State v. Singleton,
 
 03-1307 (La.App. 5 Cir. 3/30/04), 871 So.2d 596, 598.
 

 [13]
 

 .
 
 See, State v. Cole,
 
 04-615 (La.App. 5 Cir. 3/1/05), 900 So.2d 15, 22-23.
 

 [14]
 

 . La.C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975) and
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).