MARION F. EDWARDS, Chief Judge.
 

 l?This is defendant/appellant Sean Smith’s (“Smith”), second appeal. In June 2008, he was found guilty of possession with the intent to distribute MDMA, a violation of La. R.S. 40:966(A), to which
 
 *359
 
 Smith pled not guilty at arraignment. He received a sentence of fifteen years in the Department of Corrections, with the first two years to be served “without benefits.”
 

 On that same date, the State filed a multiple offender bill alleging Smith to be a second felony offender, and Smith denied the allegations therein. Following a multiple offender hearing, the trial court found Smith to be a second felony offender, vacated the original sentence, and imposed a sentence of thirty years in the Department of Corrections without benefit of probation or suspension of sentence. Smith filed a
 
 pro se
 
 motion for reconsideration of sentence, which the trial court denied.
 

 Smith appealed, arguing: (1) the trial court erred by imposing an excessive sentence; (2) the trial court erred by failing to comply with La.C.Cr.P. art. 894.1; Rand (3) the trial court erred by denying the motion to reconsider sentence, or alternatively, if the motion to reconsider was deemed untimely, his counsel was ineffective for failing to preserve his right to object to the sentence. He also argued that the non-unanimous jury verdict was unconstitutional. Finding no merit to the assigned non-unanimous jury verdict error, this Court affirmed the conviction, but it pretermitted discussion of the remaining assigned sentencing errors after finding sentencing error patent.
 
 [1]
 

 In the error patent review, this Court found that Smith received an illegally lenient sentence because the trial judge failed to restrict at least five years of his sentence from benefit of parole, as required by the underlying offense. Because the statute required an exercise of the trial court’s sentencing discretion in limiting parole eligibility, this Court vacated the sentence and remanded for resen-fencing in accordance with the underlying statute.
 

 This Court also stated, “Since this matter is being remanded for resentencing, we feel it prudent to instruct the trial judge in two respects; namely, advice regarding the prescriptive period for filing post-conviction relief and compliance with La. C.Cr.P. art. 894.1.” We commented that La.C.Cr.P. art. 894.1 set forth factors that the trial judge should consider in imposing a sentence of imprisonment, noting that the trial judge did not need to recite the entire checklist, but that the record must reflect that the trial judge adequately considered the criteria. As such, this Court instructed the trial judge to impose sentence in compliance with La.C.Cr.P. 894.1.
 
 [2]
 

 This Court also found that the trial judge gave Smith confusing advice regarding the commencement of the prescriptive period for filing post-conviction Rrelief and instructed the trial judge to provide a clear and unambiguous advisal regarding the commencement of the prescriptive period in compliance with La.C.Cr.P. art. 930.8(A).
 

 The commitment indicates that, on September 21, 2009, on remand, the trial judge resentenced Smith as a second felony offender to imprisonment at hard labor for thirty years without benefit of parole, probation, or suspension of sentence. However, the transcript shows that the trial judge sentenced him to imprisonment at hard labor for thirty years without benefit of probation or suspension of sentence, with the first five years to be served without benefit of parole, probation, or suspension of sentence.
 

 On February 9, 2010, Smith filed a “Motion for Decretal Language,” asking the
 
 *360
 
 trial judge to state for the record that he was to receive parole after serving five years of his sentence. The trial judge denied the motion, indicating that the commitment of September 21, 2009 reflected that his entire sentence was to be served without the benefit of parole, probation, or suspension of sentence.
 

 On May 25, 2010, Smith filed an Application for Post-Conviction Relief contending that his counsel was ineffective for failing to: (1) object to the predicate offense used to find him to be a multiple offender; (2) brief the error of the denial of his motion to suppress the evidence, which was preserved for appellate review; and (3) file for an appeal of his resentencing hearing, noting that the appellate court never considered the merits of his sentencing claims. The trial judge denied claims one and two but granted Smith’s motion for appeal of the resentencing held on September 21, 2009.
 

 The underlying facts of this case are found in the earlier opinion. In the instant appeal involving his resentencing, Smith contends that the record does not reflect that, on remand, the trial judge adequately considered any of the | .^criteria of La.C.Cr.P. art. 894.1 as ordered by this Court. He also contends that his thirty-year sentence is constitutionally excessive.
 

 At the resentencing hearing on September 21, 2009, defense counsel stated that his understanding after reading this Court’s opinion was that the sentence had been vacated but that the multiple offender adjudication had not been vacated. He informed the trial judge that Smith was ready to be sentenced as a second felony offender after having been convicted by a jury of possession with intent to distribute ecstasy. Defense counsel stated that the sentencing range was from fifteen to sixty years, and he asked the trial judge to consider sentencing defendant to the minimum fifteen-year sentence.
 

 The trial judge stated:
 

 Alright, Mr. Smith; it is going to be the sentence of this Court — do this...— The Court has considered 894.1, the sentencing guidelines. I am not going to read them all over again.
 

 The Courts [sic] said that I don’t need to do that this time, because I did that the last time, so. I considered all of those factors in this; and it is the Court’s sentence that I am going to sentence you to thirty (30) years in the Department of Correction; the first five (5) years of such are going to be without benefit of probation, parole, or suspension of sentence.
 

 Smith asked if he would be eligible for parole after five years. After much discussion, the trial judge indicated that the thirty years were to be served without benefit of probation or suspension of sentence, and the first five years were to be served without benefit of parole, probation, or suspension of sentence. The court assured Smith that he would be eligible for parole after five years.
 

 In the present sentencing, although the trial judge said that he had considered the factors in La.C.Cr.P. art. 894.1, he did not provide any Reasons for the sentence imposed. Additionally, the trial judge erroneously stated that this Court | ¡¡said he did not have to read the sentencing guidelines again because he had done so the last time.
 

 As we cited in our previous opinion, the Louisiana Supreme Court has found that while the trial judge need not articulate every aggravating and mitigating circumstance outlined in La.C.Cr.P. art. 894.1, the record must reflect that he adequately considered these guidelines in particulariz
 
 *361
 
 ing the sentence to the defendant.
 
 [3]
 
 Here, the record reflects that the trial judge adequately considered the criteria of La. C.Cr.P. art. 894.1, even though he did not formally state for the record the considerations he took into account. The trial judge said that he considered the criteria of that article, but he did not believe it was necessary to read all of the factors listed in that article into the record. Further, this Court has held that where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1.
 
 [4]
 

 The record supports the sentence imposed. Smith was twenty-two years old when he committed the underlying offense of possession with intent to distribute MDMA. The evidence introduced at the habitual offender hearing reflects that he was eighteen years old when he pled guilty to possession of cocaine on September 18, 2003, in Orleans Parish. He received a two-year suspended sentence along with fines and fees of $2000. However, his probation was terminated unsatisfactorily on August 24, 2006. It was only a year and a few months later when he committed the instant offense in November of 2007. Thus, despite receiving the benefit of a suspended sentence in the past for a drug offense, Smith |7still committed another drug offense. Further, his most recent offense is more serious, since it involved possession with intent to distribute, rather than the prior offense that involved only possession. This assignment of error is without merit.
 

 Smith also argues that a thirty-year enhanced sentence is excessive for a twenty-three-year-old man who was convicted of the victimless, non-violent crime of possessing poor quality ecstasy tablets. He contends that, prior to his arrest, he was gainfully employed, his girlfriend was pregnant with his child, and he contributed to his mother’s and teenage brother’s support. Smith asserts that his prior criminal history consisted of a minor drug offense and a probated two-year successfully completed sentence. He also argues that the trial judge failed to consider the Legislature’s more lenient penalty provisions for violations of La. R.S. 40:966.
 

 After the resentencing, Smith did not orally object to the sentence, nor did he file a written motion to reconsider the sentence imposed on September 21, 2009. Failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional excessiveness.
 
 [5]
 

 Both the Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering.
 
 [6]
 
 A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the
 
 *362
 
 | sharm done to society, it shocks the sense of justice.
 
 [7]
 
 In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court’s sense of justice. The trial judge is afforded wide discretion in determining sentences, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed.
 
 [8]
 

 The penalty for possession of MDMA with the intent to distribute is imprisonment at hard labor for not less than five years nor more than thirty years, at least five of which shall be served without benefit of parole, probation, or suspension of sentence, and a fine of not more than $50,000. La. R.S. 40:966(B)(2). La. R.S. 15:529.1 provides that a second felony offender is to be punished by imprisonment for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction, if the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life. Therefore, Smith was exposed to a term of imprisonment for not less than fifteen and not more than sixty years.
 

 The trial court is afforded wide discretion in determining sentences and a court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. As we have found previously, the record supports the sentence imposed. The review of sentences under La. Const, art. I, § 20 does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is most appropriate in a given case.
 
 [9]
 
 Further, when an appellate court is reviewing a sentence, the relevant question is not 1¡¿whether another sentence might have been more appropriate, but whether the trial court abused its broad sentencing discretion.
 
 [10]
 
 In the present case, we find no such abuse of discretion. This assignment of error is without merit.
 

 Under the procedure set forth in
 
 State v.
 
 Benjamin,
 
 [11]
 
 appointed appellant counsel has filed an
 
 Anders
 

 [12]
 
 brief, asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The Louisiana Supreme Court has stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit.
 
 [13]
 
 The
 
 Jyles
 
 Court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and consid
 
 *363
 
 ered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” When conducting a review for compliance with
 
 An-ders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 [14]
 
 If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion |inand order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 [15]
 

 Smith’s appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. She contends that there is no ruling of the trial court to be challenged, noting that this is a second appeal on the resentencing. Appellate counsel states that this Court ordered the trial court to make note of its review of the factors in La.C.Cr.P. art. 894.1 and to advise Smith of the prescriptive period to file for post-conviction relief under La.C.Cr.P. art. 980.8. She did not discuss whether the trial court complied with this Court’s instructions. Counsel said that she considered whether to raise the issue of exces-siveness of the thirty-year sentence, but she was compelled to conclude that such a claim would be frivolous in light of the sentencing range of fifteen to sixty years.
 

 In her motion to withdraw as attorney of record, counsel indicates that she notified Smith that she filed this motion and that he had the right to file a
 
 pro se
 
 brief in this appeal. Additionally, this Court sent Smith a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until December 8, 2010 to file a
 
 pro se
 
 supplemental brief. Smith filed a
 
 pro se
 
 brief on November 30, 2010.
 

 Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
 

 This Court previously conducted an errors patent review in the first appeal. Therefore, Smith is now only entitled to an errors patent review of his resentencing.
 
 [16]
 
 The review reveals errors patent.
 

 InThe habitual offender commitment reflects Smith’s entire thirty-year sentence was to be served without benefit of parole, probation, or suspension of sentence, whereas the transcript reflects that the thirty-year sentence was imposed without benefit of probation or suspension of sentence, and the first five years were to be served without benefit of parole, probation, or suspension of sentence. The transcript prevails when there is a discrepancy between the commitment and the transcript.
 
 [17]
 

 Therefore, we order the trial court to amend and correct the commitment to conform to the transcript, to reflect that the thirty-year sentence was imposed without benefit of probation or suspension of sentence, with the first five years to be served without benefit of parole, probation, or
 
 *364
 
 suspension of sentence. We further instruct the trial judge to direct the Clerk of Court to transmit the revised commitment to the Secretary of the Department of Corrections in the same manner as the original commitment was transmitted and instruct the Department of Corrections to provide Smith with a copy of the revised commitment.
 

 Accordingly, Smith’s sentence is affirmed, and appellate counsel’s motion to withdraw as attorney of record is granted. The case is remanded to the trial court for further proceedings consistent with this opinion.
 

 AFFIRMED; REMANDED WITH INSTRUCTIONS
 

 [1]
 

 .
 
 State v. Smith,
 
 09-100 (La.App. 5 Cir. 8/25/09), 20 So.3d 501, 502,
 
 writ denied,
 
 09-2102 (La.4/5/10), 31 So.3d 357.
 

 [2]
 

 .
 
 State v. Smith,
 
 20 So.3d at 509.
 

 [3]
 

 .
 
 State v. Smith, supra
 
 (citing
 
 State v. Smith,
 
 433 So.2d 688, 698 (La.1983)).
 

 [4]
 

 .
 
 State v. Declouet,
 
 09-1046 (La.App. 5 Cir. 10/12/10), 52 So.3d 89;
 
 State v. Sanders,
 
 98-609 (La.App. 5 Cir. 12/16/98), 728 So.2d 470, 472 (citing
 
 State v. Landos,
 
 419 So.2d 475 (La.1982)).
 

 [5]
 

 . La.C.Cr.P. art. 881.1(E);
 
 State v. Zaldivas,
 
 02-690 (La.App. 5 Cir. 12/30/02), 836 So.2d 577;
 
 State v. Pitt,
 
 09-1054 (La.App. 5 Cir. 4/27/10), 40 So.3d 219,
 
 writ denied,
 
 10-1141 (La.12/10/10) 51 So.3d 725.
 

 [6]
 

 .
 
 State v. Warmack,
 
 07-311 (La.App. 5 Cir. 11/27/07), 973 So.2d 104.
 

 [7]
 

 .
 
 State v. Warmack, supra.
 

 [8]
 

 .
 
 Id.
 

 [9]
 

 .
 
 State v. Williams,
 
 07-1111 (La.12/7/07), 969 So.2d 1251.
 

 [10]
 

 .
 
 State v. Walker,
 
 00-3200 (La.10/12/01), 799 So.2d 461;
 
 State v. Lewis,
 
 09-783 (La.App. 5 Cir. 5/28/10), 43 So.3d 973.
 

 [11]
 

 . 573 So.2d 528, 530 (La.App. 4 Cir.1990).
 

 [12]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
 

 [13]
 

 .
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam).
 

 [14]
 

 .
 
 State v. Fowler,
 
 10-45 (La.App. 5 Cir. 5/25/10), 40 So.3d 1136.
 

 [16]
 

 .
 
 State v. Sampognaro,
 
 09-671 (La.App. 5 Cir. 3/23/10), 39 So.3d 632, 636,
 
 writs denied,
 
 10-0905 (La. 11/12/10), 51 So.3d 2.
 

 [17]
 

 .
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983);
 
 State v. Declouet, supra.
 

 [15]
 

 .
 
 State v. Fowler, supra.