JUDE G. GRAVOIS, Judge.
li>This is defendant’s second appeal. Previously, this Court conditionally affirmed defendant’s conviction and sentence and remanded the matter for an evidentia-ry hearing to determine whether defendant knowingly and intelligently waived his right to a trial by jury. State v. Carter, 11-758 (La.App. 5 Cir. 5/31/12), 96 So.3d 1283, 1294.[1]
On August 8, 2012, the trial court conducted the evidentiary hearing and found that defendant had knowingly and intelligently waived his right to a trial by jury. Defendant timely appealed this ruling. On appeal, defendant argues that the trial court erred in determining that the evidence adduced at the hearing was sufficient to determine that he made a knowing and intelligent waiver of his right to a trial by jury. Finding no merit to his arguments, we affirm defendant’s conviction and sentence.
I ¡¡ASSIGNMENT OF ERROR

Validity of waiver of right to trial by jury

In his sole assignment of error, defendant argues that the trial court erred in finding that the waiver of his right to a trial by jury was knowingly and intelligently made.
Although the right to a trial by jury may be waived in non-capital cases, the right must be “knowingly and intelligently” waived. La.C.Cr.P. art. 780(A); La. Const. Art. I, § 17(A). Waiver of this right is never presumed. State v. Goodwin, 05-51 (La.App. 5 Cir. 6/28/05), 908 So.2d 56, 59 (citation omitted).
The preferred method for the district court to advise the defendant of the right to a trial by jury is in open court before obtaining a waiver; however, such practice is not statutorily required. In addition, although preferred, it is not necessary for the defendant to waive the right to a trial by jury personally. State v. McCloud, 04-1112 (La.App. 5 Cir. 3/29/05), 901 So.2d 498, 503, writ denied, 05-1450 (La.1/13/06), 920 So.2d 235 (citations omitted), State v. Pierre, 02-2665 (La.3/28/03), 842 So.2d 321, 322 (per curiam); State v. Kahey, 436 So.2d 475, 486 (La.1983); State v. Muller, 351 So.2d 143, 146-47 (La.1977); State v. Howard, 10-869 (La.App. 5 Cir. 5/24/11), 66 So.3d 1160, 1165, writ denied sub nom., State ex rel. Howard v. State, 11-1468 (La.4/9/12), 85 So.3d 135. Defense counsel may waive the defendant’s *151 right to a trial by jury on his behalf as long as the defendant’s decision to do so was made knowingly and intelligently. Id.
On remand, at the evidentiary hearing conducted on August 8, 2012, the trial court heard testimony from defendant’s trial counsel, Gregory Bachaud. After defendant waived the attorney-client privilege, Mr. Bachaud testified regarding his representation of defendant, in pertinent part, as follows:
INSTATE]: ... [D]id you discuss with [defendant] his rights as they relate to a judge trial or a jury trial before this court, this case?
[BACHAUD]: Yes, yes.
[STATE]: Did you explain to him that he had the right and it was his decision to make the choice between a judge or jury trial?
[BACHAUD]: Yes.
[STATE]: And did he elect to go forward with a judge trial in this matter or a bench trial in this matter?
[BACHAUD]: Yes.
[STATE]: Were you satisfied after you explained [defendant’s] right to him that he understood his rights in this regard?
[BACHAUD]: Yes, I believe so.
[STATE]: Is it true that you discussed with this Court that you believed that it was a sound strategic decision and it was a decision that you discussed with [defendant] to go forward with a judge trial in this matter?
[BACHAUD]: Yes, well, Mr. Paciera was the district attorney at the time and I believe it was in February, anyway I can’t remember the exact day that I informed the Court that [defendant] and I had discussed it and that we were going to waive a jury trial, [defendant] was going to waive a jury trial and elect to have a judge trial.
[[Image here]]
[STATE]: If ... [defendant] had changed his mind with regard to a judge trial and wanted to go forward instead with a jury trial would you have indicated that to the Court?
[BACHAUD]: Yes.
[STATE]: And is there any indication that you did so ... ?
[BACHAUD]: No.
[[Image here]]
THE COURT: Now, you’re not implying that you would ever encourage a client of yours to waive his right to a | .jury without you being firm in your mind that he agrees to that strategy?
[BACHAUD]: That’s correct, and that’s what I was saying was I took extra effort to make sure that, you know, I explained things in general to my clients, but particularly here I did and beyond that once it hit his ears I don’t know what he put together after that.
THE COURT: But you had more than one discussion with him about what would be the best way to approach ... this case or these cases and he agreed with your advice that the best strategy, let’s go with a bench, not a jury.
[BACHAUD]: Yes.
[[Image here]]
THE COURT: ... [Y]ou are certain in your mind that he understood up until the time the trial commenced ... he could have changed his mind and asked for a jury, is that correct?
[BACHAUD]: That’s correct.
On cross-examination, Mr. Bachaud testified, in pertinent part, as follows:
[DEFENSE]: ... Prior to your discussion with [defendant] regarding the *152 waiver of jury had you ever had an occasion in which you had an issue communicating effectively with each other?
[BACHAUD]: No.
[DEFENSE]: Did you address the issue of if you were to elect a jury trial the amount of votes that would be necessary for a conviction versus going with a judge trial, whereas the judge would be the sole trier of fact?
[BACHAUD]: Yes.
[DEFENSE]: And to your knowledge ... was there anything to memorialize the defendant’s understanding that he knew what he was doing when he elected to waive the jury, such as [a] written document or a court transcript?
[BACHAUD]: Um, not, not that I know. I mean, there’s a minute entry that I requested to waive the jury trial on behalf of [defendant].
IfiAt the conclusion of the evidentiary hearing, the trial court ruled as follows:
The Court finds based on the evidence and in consideration of the law that this is one of those instances where we did not have, that is the Bench did not have[,] the luxury of actually conducting an open dialog with the defendant himself.
However, as I understand the law in this State absent that a valid waiver could still have occurred depending on all of the other evidence supporting the record’s indication that the defendant through counsel sought to waive a jury trial.
In this case we have Mr. Bachaud testifying and that’s all we had testifying was Mr. Bachaud. Mr. Bachaud testified that while he did not remember the number of occasions he dialoged with his client, ... the Court was impressed that on more than one occasion, a number of occasions, the number of which is unknown at this point, he discussed the strategy that he thought was appropriate in representing [defendant] and that strategy was to seek a bench trial.
[Defendant] was present in court on those occasions in which Mr. Bachaud, his attorney, announced in open court that he seeks a bench trial, not a jury trial.
I find that that evidence, although absent an open dialog directly with the defendant, is enough to convince me ... that [defendant] was sufficiently counseled and consciously and intelligently waived his right to be tried before a jury.
In State v. Pierre, supra, the Supreme Court found that the defendant had knowingly and intelligently waived his right to a trial by jury because: (1) defense counsel waived a jury trial on the defendant’s behalf; (2) the trial court memorialized the defendant’s earlier waiver in the defendant’s presence; and (3) defense counsel stated that he and his client had discussed the waiver at length and on several occasions, and both agreed to the waiver.
The instant case is similar to the factual circumstances of State v. Pierre. In the instant case, on January 3, 2011, in defendant’s presence, defense counsel requested a bench trial on defendant’s behalf. On February 22, 2011, also in defendant’s presence, the trial court made it clear that the matter would proceed to a bench trial. Then, on the morning of trial, once more in defendant’s presence, when the prosecutor asked whether defendant had waived his right to a jury trial, ^defense counsel responded in the affirmative. At no point during these proceedings did defendant object to a bench trial.
Subsequently, at the evidentiary hearing on remand, defense counsel specifically *153 testified, as noted above, that he advised defendant of his right to a jury trial, that he believed defendant understood this right, that he informed defendant of the consequences of proceeding to trial by jury versus trial by judge, that he discussed the strategy of trial by judge with defendant on more than one occasion, and that defendant agreed with this strategy.
For the foregoing reasons, we find that the evidence elicited at the hearing conducted on this issue on remand was sufficient for the trial court to determine that defendant knowingly and intelligently waived his right to a trial by jury. Accordingly, defendant’s assignment of error is without merit.

CONCLUSION

Defendant’s conviction and sentence are affirmed.[2]

AFFIRMED

. The underlying facts of this case are set forth in defendant’s first appeal, Id. at 1287, and are not relevant to his second appeal.

. This Court previously conducted an errors patent review in defendant's first appeal in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). See State v. Carter, 96 So.3d at 1293-94. In this, his second appeal, defendant is only entitled to an errors patent review regarding the evidentiary hearing conducted on remand. See State v. Smith, 10-814 (La.App. 5 Cir. 6/14/11), 71 So.3d 357, 363, writ denied, 11-1529 (La.1/13/12), 77 So.3d 951. No errors patent requiring corrective action were found.