## C. C. ELMER TANK BOILER CO., INC. v. ART CLEANER AND DYERS, ETC.

———

(May 28, 1928.   Opinion and Decree.)
(June 4, 1928.   Rehearing Refused.)
(July 20, 1928.   Writ of Certiorari and Review Denied by Supreme Court.)

———

(*Syllabus by the Court*)

1.   Louisiana Digest—Trial—Par. —.
It is lawful for the plaintiff to proceed with the trial of the case in the absence of defendant and of his counsel, after the case has been properly fixed.

2.   Louisiana Digest—Appeal—Par. 564, 572; New Trial—Par. 21.
Defendant who complains of a judgment against him when he was absent should justify his absence in an application for a new trial and not by appeal.

Appeal from First City Court.  Hon. W. Alexander Bahns, Judge.

Action by C. C. Elmer Tank Boiler Co., Inc., against Art Cleaner and Dyers, etc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Thomas Tomeny, of New Orleans, attorney for plaintiff, appellee.

Geo. Sladovich, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J.   The plaintiff sues the defendants for $102 the price of a boiler and stack sold to them.  The defendants admit having ordered and received a boiler from the plaintiff; but they aver that there

were missing parts to the boiler and that it leaked; that the defendants notified the plaintiff of these defects and that the boiler stood out of order in the yard for several months; that with plaintiff's consent the defendants employed other workmen who repaired the boiler and put it in perfect condition at an expense of $35; that the plaintiff refused to deduct that amount from their bill; that they have offered to return the boiler to the plaintiff who has refused to accept it. The defendants pray that plaintiff's demand be rejected and that it be ordered to receive its boiler.

The case was fixed for trial for March 27th and the defendants were notified.

On March 25th the defendants filed a motion in which they alleged that they would be "busy in other legal matters in other Courts," and that they would ask for a continuance. No action appears to have been taken on that motion.

On March 27th the case was taken up for trial "Present Thomas Tomeny, attorney for plaintiff; defendant absent and not represented."

Charles Elmer was heard as a witness and established plaintiff's case. Judgment was rendered in favor of plaintiff.

The defendants have appealed. They complain that the case was tried in their absence and in the absence of their counsel.

A party who would obtain a continuance of a case should address the Court at the moment of trial and make a proper showing. In the absence of either the opposite party is entitled to a trial of the case.

The appellant has not pointed out any error in the judgment which is therefore affirmed.