WALTER J. ROTHSCHILD, Judge.
|2In this workers’ compensation case, the claimant appeals from a ruling dismissing his claim for disability benefits. Claimant contends he is also entitled to penalties and attorney’s fees. For the reasons stated herein, we affirm the judgment.
Lewis J. Tusa, a police officer with the Kenner Police Department, filed this disputed claim for compensation seeking supplemental earnings benefits, penalties and attorney’s fees for a work-related injury to his knee which occurred initially on September 21, 2006 and was re-injured on August 29, 2008. The Kenner Police Department answered the claim, and denied that claimant had sustained an injury resulting in loss of earning capacity. The matter was tried on October 19, 2009.
At trial, it was stipulated that claimant sustained a work-related injury to his left knee on September 21, 2006. The parties also stipulated that claimant discontinued employment as a police officer with the police department on August 29, 2008. As stated by counsel in opening statements, the main issue presented at trial was whether claimant discontinued employment because of the work-related injury or because he reached age of retirement.
Lewis Tusa testified at trial that he was employed by the Kenner Police Department in 2006 as a Sergeant in the patrol division and earned an annual salary of |s$62,000. He stated that most of his duties included patrol work on the streets and it was not a sedentary position. On September 21, 2006, Mr. Tusa was called to investigate an incident involving a violent patient in a hospital emergency room. While attempting to apprehend the patient, Mr. Tusa fell to the floor and injured his left knee and shoulder.
Following this accident, Mr. Tusa went to the emergency room and was given pain medication and a recommendation to see an orthopedic surgeon. Mr. Tusa saw Dr. Thomas Lyons a few weeks after the accident and was diagnosed with a tear in the meniscus in his left knee. Mr. Tusa underwent surgery to correct this problem in January of 2007. During this time, Mr. Tusa continued to work but experienced pain and swelling in his knee. After the surgery, Mr. Tusa was on limited duty and received workers’ compensation benefits. Mr. Tusa completed 12 weeks of physical therapy during this time. He returned to full duty with some restrictions in March of 2007, but continued to have pain and difficulty performing job-related duties. In March of 2008, Mr. Tusa had difficulty running to help an officer who requested assistance.
*906 Mr. Tusa testified that during the summer of 2008, the restrictions imposed on him due to his knee condition prevented him from doing certain tasks of his job, including running, jumping, climbing stairs. Mr. Tusa testified that he had 35 years of service with the police department and was entitled to a pension for his service. He said he decided to accept retirement on August 29, 2008 because he could no longer perform the job. He spoke to the police chief, who offered to given him a job after retirement as a process server. He started this job two weeks after his retirement as a police officer, but had difficulty with the prolonged and extended driving times necessary in that position. Mr. Tusa resigned from this job in March of 2009 and began to search for other employment. He also filed this disputed claim for compensation at this time.
In addition to the testimony of the claimant, the record also contains the testimony of Tommy Powell, the Human Resources Director for the Kenner Police Department, as well as the testimony of the Chief of Police, Chief Steve Caraway. Mr. Powell testified that claimant’s personnel file indicated that claimant took sick leave due to knee pain during the summer of 2008, but the record showed that no medical evidence was ^submitted to the police department that Sgt. Tusa’s work duties were restricted or that he should discontinue working as a police officer.
Chief Caraway testified that he had known claimant for almost 30 years, and that he met with claimant in June of 2008 when claimant told him he wished to retire from the police department. Chief Caraway testified that he offered to assist Sgt. Tusa obtain a position as a civilian process server after his retirement. Chief Caraway testified that Sgt. Tusa did not indicate that he was retiring due to physical limitations, and that if he had, he would not have offered him the more strenuous position as a process server.
The record also contains claimant’s medical records as well as the deposition testimony of his treating physician, Dr. Thomas Lyons, an orthopedic surgeon. The medical records indicate that claimant presented to the emergency room for the work-related injury on September 23, 2006 and that following an MRI, Dr. Lyons performed arthroscopic surgery on claimant’s left knee on January 26, 2007. Claimant was released initially to sedentary employment, and then to full active duty with no restrictions on March 15, 2007. In his deposition testimony, Dr. Lyons testified that claimant reached maximum medical improvement approximately four months after the surgery.
The record indicates that Sgt. Tusa continued to work as a police officer for over one year after he reached maximum medical improvement. On July 14, 2008, Sgt. Tusa presented correspondence to the Kenner Police Chief, giving formal notice of retirement from the Kenner Police Department, effective August 29, 2008. There was no indication in this correspondence that Sgt. Tusa was retiring due to an inability to complete his job requirements. The record also shows that Sgt. Tusa turned in all of his police gear on July 23, 2008, and he could no longer work as a police officer without his gear, although Chief Caraway testified that Sgt. Tusa’s position was still available to him at this time.
The record also contains several statements dated March 15, 2007 through July 21, 2008 from claimant’s attending physician indicating that he was released to return to work during this time period without restrictions. The record also shows that from July 14, 2008 — August 29, 2008, claimant applied for medical sick leave on numerous occasions, some of *907 which were due to pain in his left knee. Further, the record contains a | r,letter from Dr. Lyons dated March 24, 2009 that his work-related knee condition contributed to his need to retire from his employment.
Following trial, the workers’ compensation judge took the matter under advisement. On July 9, 2010, the workers’ compensation judge rendered judgment with reasons finding no merit in claimant’s demand for benefits, and dismissed the claim with prejudice.
By the present appeal, claimant contends that the workers’ compensation judge erred when he determined that claimant was not entitled to supplemental earnings benefits following his work-related accident on September 21, 2006 when there was evidence presented that claimant was unable to earn at least 90% of his pre-accident wages. For the reasons stated herein, we find no merit in this argument.
Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review.[1] Forbes v. Metropolitan Developmental Center, 09-901 (La.App. 5 Cir. 8/9/10), 35 So.3d 377, 382, citing Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556. Further, this Court stated that the determinations by the workers’ compensation judge as to whether the claimant’s testimony is credible and whether the claimant has discharged his burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Id., citing Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992).
In order to prove entitlement to supplemental earnings benefits, the claimant must establish that the accident was work-related, that the accident caused injury, and that the injury rendered him incapable of earning 90% of his pre-injury wages. La. R.S. 23:1221(A); McCray v. Intralox, Inc., 07-1036 (La.App. 5 Cir. 5/28/08), 987 So.2d 267. The claimant bears the burden of establishing this causal connection by a preponderance of the evidence. Id., citing Quinones v. U.S. Fidelity and Guar. Co., 93-1648 (La.1/14/94), 630 So.2d 1303, 1306-07.
In its reasons for judgment, the workers’ compensation judge stated:
IfiThe Court listened attentively to the testimony of the witnesses and observed their demeanor. It has considered the entire record in this matter: the pleadings, the testimony of the witnesses, both live and by deposition, the trial exhibits and the stipulations, arguments and memorandums of counsel.
From all of the above the Court finds that other witnesses and other evidence have refuted or seriously compromised Claimant’s version of events. And the Court finds that Claimant was not entirely credible. Therefore, the Court concludes that the disputed workers’ compensation claim of Lewis J. Tusa has no merit, and should be dismissed with prejudice.
* * *
Despite the best efforts of Sgt. Tusa and his counsel, there simply is no evidence that Sgt. Tusa was disabled at the time of his retirement, that he had to retire because of his physical disability, that his doctor advised him to retire because of his 2006 knee injury, or that *908 he had discussed his alleged disability with the Chief before retiring.
A review of the record indicates there is a reasonable factual basis in the record for these findings. Although there was no dispute at trial that Sgt. Tusa suffered a work-related accident on September 21, 2006 and sustained injury as a result, the record fails to support claimant’s argument that Sgt. Tusa was disabled as a result of this injury. After claimant’s injury and resultant surgery, claimant was released to full active duty work with no restrictions, which he performed for over 15 months.
The record in this case shows that Sgt. Tusa voluntarily retired from his employment effective August 29, 2008. When Sgt. Tusa indicated his intent to resign from employment on July 14, 2008 in correspondence to Chief Caraway, there was no indication that he was resigning due to disability. Chief Caraway testified that in a meeting with Sgt. Tusa prior to his resignation, Sgt. Tusa did not claim that disability was the reason for discontinuing his employment. Rather, the record supports a finding that Sgt. Tusa retired based on over 35 years of service with the police department and in fact, the record shows a retirement party was held by Police Chief in his honor on August 29, 2008.
Further, prior to his 2008 resignation, there was no indication that claimant’s attending physician recommended claimant discontinue his employment. Although Dr. Lyons eventually indicated in a letter that claimant’s work-related injury contributed to claimant’s retirement, this letter was prepared approximately 9 months after the effective date of retirement.
17Claimant testified at trial that he retired from his employment because he was unable to complete the duties of his job, and that the department was aware he was retiring because of his “bum knee.” However, the workers’ compensation judge failed to find this testimony to be credible, and we find no basis to disturb this factual finding. The decision of the workers’ compensation judge to credit the testimony of Chief Caraway that he would not have offered another more strenuous position to Sgt. Tusa if he knew he was disabled is reasonable.
Accordingly, we find no manifest error in the factual findings of the workers’ compensation judge that claimant failed to prove his work-related accident caused disability which rendered claimant incapable of performing his duties. We find the worker’s compensation judge correctly denied Sgt. Tusa’s claim for disability benefits and for penalties and attorney’s fees. For the reasons assigned herein, the judgment is hereby affirmed.

AFFIRMED

. Although claimant urges this Court to conduct a de novo review of the record, there has been no showing of legal error by the workers’ compensation judge which would authorize this standard of review.