MARION F. EDWARDS, Chief Judge.
[2This matter returns to this Court following our remand of a prior appeal for clarification of the trial court’s judgment.[1] For the reasons that follow, we affirm the ruling of the trial court.
The plaintiffs/appellees are Carole A. Feil, Marilyn R. Barry, and Judith Jaffe, three sisters who each own 25 percent of the stock of Greater Lakeside Corporation (“GLC”), a closely-held family corporation founded by their father, Louis Feil. The remaining 25 percent of the stock is held by Jeffrey Feil, brother of the three plaintiffs. The sisters filed suit to obtain various records and documents of the corporation in order to ascertain the value of its stock.
The plaintiffs sought a writ of mandamus to inspect documents of GLC. GLC allowed inspection of the records of GLC itself, but it opposed the inspection as it related to some of the entities in which GLC holds an interest. The trial court ^granted the mandamus as requested on all documents without reasons. GLC appealed.
As we explained in our prior opinion:
GLC is a holding company that invests in entities that own real estate, receives distributions from those investments, and also manages and does accounting for some properties that it owns. GLC also manages some properties that it does not own. GLC’s financial statements are generated by a New York management company; however, the accounting staff in Metairie prepares monthly financial statements in order to monitor GLC’s interests in other companies as well as monitoring its own assets. This includes creating ledgers, bank reconciliations, and billings for entities in which GLC owns an interest. GLC creates and maintains monthly folders for each of these entities (except for about six companies) and has records dating to 2002. The documents for the owned entities other than GLC were not produced. With regard to the non-owned properties, GLC bills for management services, and these records are maintained separately.[2]
Upon review, we affirmed in part and remanded for clarification in accordance with our opinion. Specifically, we stated:
In summary, the Feil plaintiffs are entitled to the records generated, maintained, and possessed by GLC as to all companies in which it has ownership interest, or in which it performs accounting and management functions. However, the judgment of the trial court granted the writ as to all the documents outlined in the petition. In that petition, certain things are requested from entities “in which GLC hold an interest, direct or indirect ...” and also asks for “all documents relating to” certain transactions. The phrases “all documents” and “indirect interest” are over-broad and render the scope of the mandamus somewhat ambiguous.
For the foregoing reasons, the judgment of the trial court granting the writ *180 of mandamus is affirmed. The matter is remanded to the trial court for clarification, including any necessary amendment in accordance with this opinion.[3]
On remand, in accordance with this Court’s ruling, the trial court issued the following amendment of its prior order:
To the extent that requested documents have not already been produced to Plaintiffs, Plaintiffs’ requests are to be qualified as follows:
Where Plaintiff [sic] refers to “all documents/agreements/transjactions/etc.”4 or to entities “in which GLC holds an interest, direct or indirect,” Defendant is required to produce only those records generated, maintained, and possessed by GLC as to all companies to which GLC has an ownership interest, or in which GLC performs accounting and management functions.
GLC is a holding company that has ownership interests in twenty-six entities. Twenty of those entities are located in Louisiana and are managed by GLC. The remaining six entities are located in New York and Washington, D.C. Some time prior to 1989, Broadwall Management (“Broadwall”) began managing the six out-of-state entities on behalf of GLC. Broad-wall is a company wholly owned by Jeffrey Feil.
The focus of the attention in this litigation is the extent of GLC’s ownership interest in the six out-of-state entities managed by Broadwall. The sisters clearly want accurate information of ownership interests in these companies, while Mr. Feil maintains he does not have to produce the documents under this Court’s opinion in the prior appeal, or the judgment of the trial court on remand.
Mr. Feil filed a motion for clarification of the production order in the trial court seeking a declaration from the trial court that the financial records of the six entities in which GLC holds an ownership interest, managed by Broadwall, do not fall within the scope of the amended order and, therefore, need not be produced.
The trial court ruled against Mr. Feil, ordering production of all records related to GLC’s assets regardless of whether those companies are located in Louisiana. The trial court further ordered that “[t]o the extent that Broadwall Management generates or maintains records related to GLC’s assets consisting of investments in other companies, Defendant shall produce those records as well.”
On appeal, GLC argues that the trial court has misapplied the directive of this Court by requiring GLC to produce the records of the six non-Louisiana companies. GLC characterizes the trial court’s ruling as an improper use of the 1 ¿“pierce the corporate veil” principle to circumvent the corporate identity of Broadwall. We disagree.
This is a shareholders’ action pursuant to La. R.S. 12:103 that entitles the Feil sisters to the “right to examine, in person or by agent or attorney, at any reasonable time, for any proper and reasonable purpose, any and all of the records and accounts of the corporation and to make extracts therefrom.” The Feil sisters are seeking to obtain records of GLC, a holding company investing in entities that own real estate. Louisiana corporate law requires a corporation to keep records showing the amounts of its assets and liabilities at its registered office or at its principal place of business.[4] The “assets” of GLC are its ownership interests in real estate *181 holdings. Whether they are in Louisiana, or not, is irrelevant to this case. The shareholders have a right to inspect GLC’s records as to all of its ownership interests in its assets, regardless of the location of those assets, and GLC has an obligation to make those records available to its shareholders.
The Feil sisters have appealed seeking sanctions for a frivolous appeal by GLC. Under the circumstances of this case, we do not find such sanctions are appropriate.
Accordingly, we affirm the judgment of the trial court and deny the request for sanctions for a frivolous appeal. Costs of this appeal are assessed to GLC.

AFFIRMED

CHEHARDY, J., dissent with reasons.
ROTHSCHILD, J., dissents.

. See, Feil v. Greater Lakeside Corp., 09-441 (La.App. 5 Cir. 1/26/10), 31 So.2d 520, writ denied, 10-0434 (La.4/30/10), 34 So.3d 298.

. Feil v. Greater Lakeside Corp., 31 So.3d at 523.

. Id. at 526.

. La. R.S. 12:103(A).