ROBERT A. CHAISSON, Judge.
|2Pefendant, Alton Grayson, challenges the trial court’s denial of his motion to quash the bill of information. For the reasons which follow, we find no abuse of discretion in the trial court’s ruling.

STATEMENT OF THE CASE

On September 26, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant with aggravated flight from an officer, in violation of LSA-R.S. 14:108.1(C). The bill specifically alleged that defendant “did intentionally refuse to bring a vehicle to a stop, under circumstances wherein human life was endangered, knowing he had been given a visual and audible signal to stop by Deputy Aaron Savoie when the officer had reasonable grounds to believe that Alton Grayson had committed an offense.” At his October 11, 2011 arraignment, defendant pled not guilty.
On November 30, 2011, defendant filed a motion to permit independent print analysis of the vehicle he was allegedly driving at the time of the offense. In 13the motion, defendant requested that William Bailey, the fingerprint expert he hired, be permitted to examine any and all latent prints lifted in connection with this case and to review any analysis performed on those prints, including crime lab reports, bench notes, and charts. Defendant further requested that the seized vehicle be made available to his expert to conduct independent fingerprint lifting and analysis. On December 1, 2011, the trial court granted defendant’s motion. Over two months later, the defense expert went to the Kenner Police Department to examine the vehicle. At that time, the defense expert was advised that the car was no longer in the possession of the police department. Defense counsel subsequently learned that the vehicle had been turned over to a private company that sold the car to an unknown third party on December 16, 2011.
Thereafter, on February 17, 2012, defendant filed a motion to quash the bill of information alleging that the State destroyed exculpatory evidence which could have proved that he was not the driver of the vehicle. Defendant further alleged that the State acted in bad faith and in violation of a court order when it failed to preserve the vehicle for fingerprint analysis.
The trial court conducted a hearing on the motion to quash on March 12, 2012. At the hearing, defendant re-urged the arguments presented in his motion to quash, adding that there was no information that the Kenner Police Department could provide regarding the areas of the vehicle dusted for fingerprints, and that the only fingerprints provided were two partial prints taken from the front and rear license plates.
In response to defendant’s arguments at the hearing, the State responded that the vehicle was dusted twice for fingerprints, once at the scene of the incident on September 1, 2011, and then four days later at the Kenner Police Department. At that time, the Kenner Police Department rendered a report stating that no usable Uprints were recovered. The State also acknowledged receiving the December 1, 2011 court order, which was not served on the Kenner Police Department. Thus, two weeks after the order, the vehicle was sold in accordance with Louisiana law governing wrecker services. At the hearing, the State further brought to the judge’s attention that the defense expert waited five months after the incident to attempt to conduct testing on the vehicle and further mentioned that the trial court never ordered the preservation of the vehicle, and *1171 only ordered that the vehicle be made “available for testing.”
After verifying from the State that no reports had been destroyed, the trial court denied defendant’s motion to quash finding a lack of bad faith. The trial court noted that if the Kenner Police Department was not served with the order, and thus did not know of its existence, it could not have acted in bad faith when it sold the vehicle two weeks after the order was issued.
Following the denial of his motion to quash, defendant, on March 13, 2012, withdrew his prior not guilty plea and entered a plea of no contest under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).[1] Pursuant to the plea agreement, the trial court sentenced defendant to two years in the Department of Corrections. On the same date, the State filed a multiple offender bill of information, alleging that defendant was a second felony offender under the provisions of LSA-R.S. 15:529.1. After defendant was advised of his rights and admitted to allegations contained in the multiple offender bill, the trial court vacated defendant’s original sentence, and imposed an enhanced sentence of two |5years imprisonment at hard labor, without the benefit of probation or suspension of sentence.[2] Defendant now appeals.

LAW AND ANALYSIS

In his sole assignment of error, defendant contends that the trial court erred in denying his motion to quash based on its finding that there was no bad faith on the part of the State. On appeal, defendant argues that the State did, in fact, act in bad faith when it failed to notify the Kenner Police Department of the trial court’s order to preserve the vehicle for independent fingerprint testing by his expert. Defendant asserts that because the Kenner Police Department was never notified of the order, the vehicle was sold; thus, any possibility of finding fingerprint evidence to exonerate defendant as the driver of the vehicle was destroyed. For the reasons that follow, we find no merit to defendant’s arguments.
Due process requires that the State provide a defendant with any exculpatory evidence in its possession which is material to defendant’s guilt or punishment, regardless of the good faith or bad faith of the prosecutor. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963). Where a defendant claims that his due process rights have been violated due to the State’s failure to preserve potentially useful evidence, the defendant has the burden of showing that the State acted in bad faith. Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988); State v. Horton, 09-250 (La.App. 5 Cir. 10/27/09), 28 So.3d 370, 378. In California v. Trombetta, 467 U.S. 479, 488-89, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984), the United States Supreme Court explained:
Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect’s |fidefense. To meet this standard of constitutional materiality, ... evidence must both possess an exculpatory value that was apparent be *1172 fore the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.
In State v. Horton, supra, the defendant argued that he was denied the right to a fair trial because the State suppressed Brady evidence through its mishandling and ultimate destruction of exculpatory evidence. He specifically maintained that he was denied the ability to test the evidence, namely the car and a letter found within the car, for DNA and fingerprint evidence, which would have led to the true perpetrator and exonerated him. In rejecting the defendant’s arguments, this Court found that the defendant did not allege bad faith on the part of the State in the destruction of evidence, and that the defendant failed to show that the car or the letter had apparent exculpatory value. As such, this Court concluded that the defendant had not shown that his due process rights were violated or that he was denied the right to a fair trial.
In State v. Schexnayder, 96-98 (La.App. 5 Cir. 11/26/96), 685 So.2d 357, 365-366, writ denied, 97-0067 (La.5/16/97), 693 So.2d 796, cert. denied, 522 U.S. 839, 118 S.Ct. 115, 139 L.Ed.2d 67 (1997), the defendant argued, on appeal, that the trial court erred in denying his motion to quash based on the State’s destruction of exculpatory evidence. Specifically, he complained that the State destroyed his automobile, impounded by police at the time of his arrest, and further complained that the State failed to take photographs of the car prior to its destruction. He argued that without the car or photographs of the car, he was deprived of the opportunity to impeach State witnesses. In rejecting these arguments, this Court found that the defendant did not offer sufficient proof that the State acted in bad faith in destroying the car. This Court noted that the police department was not in possession of the automobile at the time it was destroyed, and it was not standard |7pro ce dure to photograph a vehicle before sending it to a wrecking company. This Court further concluded that the defendant failed to show that the car had exculpatory value that was apparent prior to its destruction. In reaching this determination, the Court rejected the defendant’s argument that he could have used the car at trial to impeach the witness’s identification testimony and noted that the witness made a positive identification of both the defendant and the automobile shortly after the murder and also made an in-court identification of the defendant.
Also, in State v. Harris, 01-2730 (La.1/19/05), 892 So.2d 1238, 1253, n. 31, cert. denied, 546 U.S. 848, 126 S.Ct. 102, 163 L.Ed.2d 116 (2005), the Louisiana Supreme Court found no merit to the defendant’s argument that his due process rights were violated when DNA evidence was destroyed and he was prevented from testing it. The Court noted that the defendant did not allege bad faith on the part of the State in the evidence’s destruction and further noted that the destruction of the DNA samples “allowed defense counsel to criticize the police’s investigation of the crime and cast doubt on the police’s handling of the entire case.”
Based on our review of the law and similar cases, we find that the trial court did not abuse its discretion in denying defendant’s motion to quash. In this case, defendant failed to show that the State acted in bad faith in failing to preserve the vehicle. The State was not in possession of the vehicle and did not destroy the vehicle. In addition, as noted by the trial court in its ruling, the Kenner Police Department was not served with the court order and did not know of its existence; thus, it could not have acted in bad faith *1173 when selling the vehicle two weeks after the order was issued.
Moreover, the exculpatory value of the fingerprints that may have been recovered from the vehicle was not apparent before the vehicle was sold. At the | shearing on the motion to quash, the State established that the vehicle was dusted twice for fingerprints, once at the scene of the incident on September 1, 2011, and then four days later at the Kenner Police Department. At that time, the Kenner Police Department rendered a report stating that no usable prints were recovered. Also, it was not until five months after the incident that the defense expert attempted to conduct testing on the vehicle. Most importantly, the police report’s probable cause affidavit indicated that “Alton Grayson was observed [by Officer Savoie] as the operator of a motor vehicle which was stopped ... and then began fleeing at a high rate of speed.”
Given these circumstances, we find that defendant failed to prove that the State acted in bad faith in failing to preserve the vehicle in question. Further, defendant failed to show that the vehicle possessed any exculpatory value before it was sold. Accordingly, we find no abuse of discretion in the trial court’s denial of defendant’s motion to quash.

ERROR PATENT REVIEW

We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 812 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals one error that requires correction.
The transcript indicates that defendant’s multiple offender sentence was imposed “without the benefit of suspension of sentence or probation.” However, the eommitment/minute entry indicates that defendant’s multiple offender sentence was to be served “with benefits of probation or suspension of sentence.” Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Additionally, any sentence imposed pursuant to the Habitual Offender Law shall be at hard labor |9without benefit of probation or suspension of sentence. See LSA-R.S. 15:529.1(G). Accordingly, we remand the case to the trial court to amend and correct the eommitment/minute entry to conform to the sentencing transcript regarding the restriction of benefits. We further direct the clerk of court to transmit the original of the amended commitment/minute entry to the officer in charge of the institution to which defendant has been sentenced as well as to the Louisiana Department of Public Safety and Corrections’ general counsel. State v. Collins, 09-283 (La.App. 5 Cir. 12/8/09), 30 So.3d 72, 88, writ denied, 10-34 (La.9/3/10), 44 So.3d 696.
Accordingly, for the reasons set forth herein, we affirm defendant’s conviction and sentence and remand the matter with instructions to correct the commitment/minute entry.

AFFIRMED; REMANDED WITH INSTRUCTIONS

. Defendant also entered his plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), thereby reserving his right to appeal the trial court’s denial of his motion to quash.

. Also, on March 13, 2012, defendant pled guilty to several misdemeanors. The court ordered that the misdemeanor sentences run concurrently with each other and with the two-year enhanced sentence.