STEPHEN J. WINDHORST, Judge.
12Defendant, Jermaine Weber, appeals his conviction and sentence for manslaughter. For the following reasons, we affirm his conviction and sentence, and we grant appellate counsel’s motion to withdraw.
PROCEDURAL HISTORY
On August 19, 2008, a Grand Jury for St. John the Baptist Parish returned a true bill of information charging defendant, Jermaine Weber, with one count of first degree murder, a violation of La. R.S. 14:30A(3). Defendant was arraigned on August 20, 2008, and pled not guilty. Defendant filed several pre-trial motions, including a motion to appoint a sanity commission, which was denied by the trial *346 court on April 15, 2009.[1] On August 18, 2011, the District Attorney for the Parish of St. John filed a Motion To Amend Indictment to the lesser charge of second degree murder, a violation of La. R.S. 14:30.1A(1). On September 6, 2011, the District Attorney again amended the charge against defendant to manslaughter, a violation of La. R.S. 14:31, to which the defendant pled guilty the same day. Defendant was sentenced on December 14, 2011, to 35 years with the Department of Corrections with credit for time served.[2] On January 4, 2012, defendant filed a pro se Motion for Change of Plea, which was denied on July 11, 2012. Defendant also filed a Motion For Reconsideration of Sentence, which was granted on July |sll, 2012. The trial court vacated the original sentence on that same date and defendant was re-sentenced to 29.5 years. Defendant now appeals.
FACTS
Because this conviction is the result of a guilty plea, the underlying facts were not developed. However, the true bill of information on the third amended charge of manslaughter states that on June 26, 2008, defendant violated La. R.S. 14:31 in that he murdered Michael Taylor.
ANDERS BRIEF
Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990),[3] appointed appellant counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests permission to withdraw as counsel of record.
DISCUSSION
In Anders supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[4] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability,” and to assist the reviewing court |4“in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explana *347 tion of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion, and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel notes that there is no ruling of the trial court to be challenged, and that the issue of the trial court’s denial of defendant’s request for a sanity commission has already been [ ¡¡reviewed by this Court. Furthermore, defendant’s plea was not made pursuant to State v. Crosby, 338 So.2d 584 (La.1976), and no rulings have been reserved for appellate review. Counsel also indicates that defendant was informed of the original sentence that he would receive, as well as the reasons for the reconsidered sentence.
Along with her brief, appellate counsel has filed a motion to withdraw as attorney of record which states she has mailed defendant a copy of his brief. She further states that she notified the defendant of the filing of the motion to withdraw and that she advised defendant of his right to file a pro se brief. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until April 21, 2013, to file a pro se supplemental brief. No pro se brief was filed.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bill of information properly charged defendant. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged, and cites the statute that defendant violated. It also sufficiently identifies defendant and the crimes charged. Further, defendant was advised of the amended charge of manslaughter on the record. Also, as reflected by the minute entries and commitment, defendant appeared at his arraignment, guilty plea proceedings, and sentencing. Moreover, defendant pled guilty to the amended charge. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Once a defendant is sentenced, only those guilty pleas that are constitutionally defective may be withdrawn by appeal or post-_Jconviction6 relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally defective if it is not entered freely and volun *348 tarily, if the Boykin[5] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept. State v. Dixon, 449 So.2d 463, 464 (La.1984).
The record shows that defendant was aware he was pleading guilty to one count of manslaughter. On the waiver of rights form and during the colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty. During the colloquy with the trial court, defendant indicated that he understood that he was waiving these rights. Defendant stated that he was aware of the penalty and legal consequences of pleading guilty and wanted to plead guilty. Defendant further indicated that he had not been forced, coerced, or threatened to enter his guilty plea.
Additionally, the waiver of rights form and colloquy with the court reveal that defendant understood the sentencing range for his crime was zero to 40 years at hard labor and that he would be sentenced following a pre-sentence investigation. Defendant was advised of the trial court’s reasons for his original sentence and the reasons for reconsideration of sentence. Furthermore, defendant’s reconsidered sentence of 29.5 years falls within the sentencing range set forth in the respective statute and does not present any non-frivolous issues for appeal.
^Considering the above stated reasons, we find that defendant’s guilty plea and sentence do not present any issues for appeal. Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and our independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as attorney of record.
ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review finds only one error patent that requires corrective action.
The sentencing transcript and the commitment do not indicate that the trial court informed defendant of the two-year delay period for applying for post-conviction relief under La.C.Cr.P. art. 930.8. We advise defendant, by this opinion, that no application for post-conviction relief, including an application which seeks an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. art. 914 and 922. State v. Morris, 40, 322 (La.App. 2 Cir. 1/25/06), 920 So.2d 359, 363; State v. Davenport, 08-463 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 451, writ denied, 09-0158 (La.10/16/09), 19 So.3d 473.
CONCLUSION
For the foregoing reasons, defendant’s conviction and sentence are affirmed, and the motion to withdraw as counsel for defendant is granted.
CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.

. Defendant applied to this Court for writs following the district court’s denial of his motion to appoint a sanity commission. The defendant's writ application was denied. State of Louisiana v. Jermaine Weber, 09-649 (La.App. 5 Cir. 6/29/09) (unpublished writ disposition).

. The sentence was also ordered to run concurrent with a "sentence out of Georgia,” which is not specified.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).