CHEHARDY, C.J.
JjOn appeal, defendant’s appointed appellate counsel has filed an Anders brief on defendant’s behalf, asserting there is no basis for a non-frivolous appeal. For the following reasons, we affirm defendant’s conviction and sentence.
Facts and Procedural History
Because defendant entered a guilty plea, the underlying facts were not fully developed in the record. Nevertheless, on July 10, 2013, the State filed a bill of information alleging that, on or about July 14, 2012, in Jefferson Parish, defendant violated La. R.S. 14:60 in that he committed aggravated burglary of 2042 Rue Racine St., Marrero, Louisiana, 70072, belonging to Nicole Anderson and/or Jaynesisha Dorsey. Defendant was arraigned on July 11, 2013, and pled not guilty.
On August 18, 2014, defendant withdrew his plea of not guilty and tendered a plea of guilty as charged. The State agreed not to file a bill of information alleging that defendant was a multiple offender. Afterward, on that same date, the trial judge sentenced defendant to imprisonment at hard labor for twenty-five years to run concurrently with any and all other sentences.
On August 5, 2016, defendant filed an Application for Post-Conviction Relief (APCR) arguing that his sentence was excessive, that his counsel was ineffective, and that his counsel failed to file a motion for appeal. On August 9, 2016, the trial judge construed defendant’s pleading as a motion for an out-of-time appeal and granted it. This appeal follows.
Anders review
Under the procedure adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court | ^record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *959 Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal,” Anders, 386 U.S. at 744, 87 S.Ct. 1396, so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal lais wholly frivolous. Bradford, 95-929, at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Discussion
Defendant’s appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel states that the appellate record reflects that there is no ruling of the trial court to be challenged. She further states that this was not a Crosby[3] plea, and there were no pre-trial motion hearings subject to this appeal.
Appellate counsel notes that she considered whether to raise the issue of coercion of the plea, but was compelled to conclude that such a claim would be frivolous based on the appellate record presented. She further notes that she also considered the claim of excessiveness of the sentence but felt such a claim would be frivolous.
Appellate counsel provides that the trial court reviewed defendant’s plea, went through a proper colloquy with him, and informed him of his sentencing exposure in *960 the plea colloquy. Therefore, she submits that, as the appellate record now stands, the sentence of twenty-five years with credit for time served would not be regarded as constitutionally excessive or made under false representation.
The State responds that the brief filed by appellate counsel shows a conscientious and thorough review of the procedural history of the case with references to the record for convenience of this Court. It further responds that | ¿appellate counsel has “cast an advocate’s eye” over the record and determined there were no non-frivolous issues to raise on appeal. The State asserts that appellate counsel, therefore, has conformed with and followed the procedures set forth in Anders and Jyles and should be granted permission to withdraw.
The State indicates that the trial court fully explained to defendant the ramifications of pleading guilty and foregoing a trial. The State also indicates that the trial court clearly explained the charge and the sentence defendant was facing. It further indicates that defendant entered into a fair plea agreement, which was explained to him by his trial counsel. The State notes that the trial court fully explained defendant’s right to appeal and that defendant indicated he understood and agreed to these explanations. It further notes that there is nothing else in the record that would suggest a non-frivolous issue to be raised on appeal.
Appellate counsel has filed a motion to withdraw as attorney of record, which states that she has prepared an Anders brief and that she has notified defendant of the filing of this motion and of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an An-ders brief had been filed and that he had until December 7, 2016, to file a pro se supplemental brief. As of the date of submission, defendant has not yet filed a brief.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. First, the bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offense charged. It also sufficiently identified defendant and the crime charged. See La, G.Cr.P, arts. 463-466.
Second, as reflected by the minute entry and commitment, defendant appeared at each stage of the proceedings against him, including his arraignment, | ^guilty plea, and sentencing. As such, we find that there are no appealable issues surrounding defendant’s presence.
Third, defendant pled guilty in this ease. Generally, when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and review of such defects either by appeal or post-conviction relief is precluded. State v. Turner, 09-1079 (La.App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered an unqualified guilty plea, and therefore, all non-jurisdictional defects are waived.
No rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La. 1976). Although defendant filed a motion for preliminary hearing that was not ruled upon prior to his guilty plea, defendant waived that motion by pleading guilty without raising the issue that his pre-trial motion was neither heard nor ruled upon by the trial court. See State v. Corzo, 04-791, p. 2 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty *961 plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin[4] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
Our review of the record reveals no constitutional infirmity or irregularities in defendant’s guilty plea. The record shows that defendant was aware he was pleading guilty to aggravated burglary. Defendant was also properly advised of his Boykin rights. On the waiver of rights form and during the colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, ^defendant initialed next to each of these rights and signed the form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood the rights he was waiving by pleading guilty.
Further, during his guilty plea colloquy and in the waiver of rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty plea and that he was satisfied with the way his attorney and the court handled his case. Defendant was also informed by the waiver of rights form and during the colloquy of his minimum and maximum sentencing exposure and of the actual sentence that would be imposed upon acceptance of his guilty plea. After the colloquy with defendant, the trial court accepted defendant’s plea as knowingly, intelligently, freely, and voluntarily made.
With regard to defendant’s sentence, it was imposed in accordance with the plea agreement. This Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46, writ denied, 09-2046 (La. 8/18/10), 42 So.3d 394. In addition, defendant’s sentence falls within the sentencing range set forth in the statute. See La. R.S. 14:60. Further, the plea agreement was beneficial to defendant in that he received a twenty-five-year sentence to run concurrently with his other pending sentences when he could have received a thirty-year sentence to run consecutively to those sentences. Additionally, the State agreed not to multiple bill him as a second felony offender, which would have increased his sentencing exposure.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify 17any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we affirm defendant’s conviction and sentence.
Errors patent
Pursuant to La. C.Cr.P. art. 920, this Court has reviewed the record for errors patent and found no errors that require correction. State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990).
Decree
For the foregoing reasons, we affirm defendant’s conviction for aggravated burglary and his sentence of twenty-five years.
AFFIRMED.

, In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. State v. Crosby, 338 So.2d 584 (La. 1976).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).