# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #031

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **27th day of June, 2025** are as follows:

**PER CURIAM:**

*2024-K-00207*     *STATE OF LOUISIANA VS. MALCOLM J. CHESTER (Parish of Tangipahoa)*

REVERSED AND REMANDED. SEE PER CURIAM.

Weimer, C.J., dissents and assigns reasons.
Crain, J., dissents and assigns reasons.
McCallum, J., concurs and assigns reasons.
Cole, J., concurs for the reasons assigned by Justice McCallum.

# SUPREME COURT OF LOUISIANA

## No. 2024-K-00207

## STATE OF LOUISIANA

## VS.

## MALCOLM J. CHESTER

On Writ of Certiorari to the Court of Appeal, First Circuit, Parish of Tangipahoa

**PER CURIAM:**

Defendant was charged with violating La. R.S. 14:89.1(A)(2), aggravated crime against nature when the victim (defendant's 12-year-old daughter in this instance) is under the age of eighteen. However, the bill of information was incomplete in that it failed to list the victim's date of birth, nor did it reference which of two potential penalty provisions, La. R.S. 14:89.1(C)(1) or La. R.S. 14:89.1(C)(2), would apply. *See generally Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000) (quoting with approval *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) ("[o]ther than the fact of a prior conviction, any fact that increases the maximum penalty for a crime ***must be charged in an indictment***, submitted to a jury, and proven beyond a reasonable doubt.") (emphasis added). Defendant was convicted after the jury was instructed under subsection (C)(2), and then sentenced accordingly. Under the circumstances, the court of appeal was correct to find the charging instrument defective, as a fact that significantly increased the maximum penalty for the crime—the vicitm's age—was *not* charged in the bill of information. Such a defect runs afoul of the clear language of *Apprendi* requiring such facts be charged, and the court of appeal was correct to find reversible error. The court of appeal erred, however, in fashioning its remedy, i.e. in remanding for a new trial.

The State charged defendant by bill of information with one count of aggravated crime against nature, with citation to R.S. 14:89.1(A)(2). The full text of the bill reads as follows:

> COUNT 1
> R.S. 14:89.1(A)(2) AGGRAVATED CRIME AGAINST NATURE – INCESTUOUS SEXUAL ACTS
> Malcolm J. Chester, on or about September 1, 2019, through October 15, 2019, did engage in any of the prohibited acts enumerated in Subparagraph (b) of this Paragraph with the victim, A C, who is under the age of eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.

After the State rested its case, the trial court held a bench conference to discuss the proposed jury charges. The court explained that although the bill of information alleged "under the age of eighteen[,]" the testimony had been "under the age of thirteen." As such, the court informed the parties that it felt that the jury instructions needed to reflect the "under the age of thirteen" language. Defense counsel argued that the victim's age is an element of the offense and that "under the age of 13" had to have been charged in the bill of information in order for the trial court to instruct the jury as to that element. The State countered that "under the age of thirteen" was merely a sentencing provision which could be found by the judge, were the defendant convicted on the billed offense. After a recess, the trial court decided to instruct the jury that defendant was charged with aggravated crime against nature when the victim is under the age of thirteen. The trial court further instructed the jury that aggravated crime against nature where the victim is under the age of eighteen was responsive to said charged offense. Defense counsel lodged an objection, again arguing that "under thirteen" was an essential element of the offense that was not alleged in the bill of information, and the court overruled the objection.

2

After defendant's motion in arrest of judgment was denied, defendant was sentenced in accordance with La. R.S. 14:89.1(C)(2)[1] to 99 years imprisonment at hard labor, the first 25 of which to be served without benefit of parole, probation, or suspension of sentence. The court of appeal found merit in defendant's argument that his charging instrument was defective, and therefore reversed defendant's conviction, vacated his sentence, and remanded for a new trial. *State v. Chester*, 23-0597 (La. App. 1 Cir. 1/11/24), 383 So.3d 240. The court of appeal concluded that the trial court erred in denying defendant's motion in arrest of judgment because, pursuant to La.C.Cr.P. art. 859(1), the court shall arrest the judgment when "[t]he indictment is substantially defective, in that an essential averment is omitted[,]" The court of appeal found that the age of the victim is an essential element under R.S. 14:89.1(A)(2) and (C)(2), and that the bill of information did not allege the victim's age or birthdate, nor did it reference subsection (C)(2). The court of appeal also determined that the verdict returned by the jury was nonresponsive to the crime charged and found that a new trial was the appropriate remedy in this case, "where judicial error prevented the jury from rendering a responsive verdict." *Chester*, 23-0597 at p. 14, 383 So.3d at 251.

The court of appeal erred in finding the jury's verdict here was nonresponsive under the circumstances. The jury was instructed with respect to the higher grade of the offense requiring the victim be under the age of 13, which the jury found proven beyond a reasonable doubt. Contrary to the court of appeal's finding that the State failed to prove the victim's age beyond a reasonable doubt, the State presented

---

[1] Section (C)(2) provides:

Whoever commits the crime of aggravated crime against nature as defined by Paragraph (A)(2) of this Section with a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

3

sufficient evidence of the victim's age at trial by way of the victim's own testimony as well as her recorded Children's Advocacy Center interview, which was played for the jury. Thus, the jury implicitly found defendant guilty of the offense charged in the bill of information, i.e., aggravated crime against nature when the victim is under the age of 18, by finding him guilty of the higher grade offense when the victim is under the age of 13. Nonetheless, it was not harmless error for the trial court to sentence him under the harsher provisions for which he was not properly charged.

Accordingly, we reverse the court of appeal and reinstate defendant's conviction, and remand for resentencing under La. R.S. 14:89.1(C)(1).[2] *See State v. Susan*, 54,887 (La. App. 2 Cir. 3/8/23), 357 So.3d 1000, *writ denied*, 2023-00412 (La. 10/3/23); 370 So.3d 1071.

**REVERSED AND REMANDED**

---

[2] Section (C)(1) provides:

> Whoever commits the crime of aggravated crime against nature as defined by Paragraph (A)(2) of this Section shall be fined an amount not to exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term not less than five years nor more than twenty years, or both.

No. 2024-K-00207

STATE OF LOUISIANA

VERSUS

MALCOLM J. CHESTER

*On Writ of Certiorari to the Court of Appeal, First Circuit,
Parish of Tangipahoa*

**WEIMER, C.J.**, dissenting.

I respectfully dissent from the majority's decision because I believe the defect in defendant's bill of information in failing to list the victim's age or date of birth or to reference the applicable penalty provision of La. R.S. 14:89.1(C)(2) was harmless.

Defendant was charged with violating La. R.S. 14:89.1(A)(2), an aggravated crime against nature when the victim is under the age of 18–shall be "fined an amount not to exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term not less than five years nor more than twenty years, or both,"[1] despite the fact that defendant actually violated La. R.S. 14:89.1(C)(2), as the victim was under the age of 13–"punish[able] by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine." Notably, the state made a plea offer of 30 years, which should have alerted defendant of his heightened sentencing exposure, and the state also made specific reference to the increased sentencing range applicable under La. R.S. 14:89.1(C)(2) when it argued in support of its motion *in limine* prior to trial. Accordingly, the error in the bill of information did not mislead or prejudice defendant. See La. C.Cr.P. art. 464.[2]

---

[1] See La. R.S. 14:89.1(C)(1).

[2] Concerning the "[n]ature and contents of indictment," La. C.Cr.P. art. 464 provides:

Defendant knew the victim, who was his daughter, was only 12 years old. Additionally, the state presented sufficient evidence of the victim's age at trial by way of the victim's own testimony, as well as her recorded Children's Advocacy Center interview, which was played for the jury. The jury was properly instructed that it had to find that the victim was under the age of 13 and that defendant was over the age of 17 in order to find defendant guilty of the charged offense,[3] and the jury unanimously found defendant guilty. The bedding in the trailer where the victim testified the rape occurred had DNA of the defendant and the victim, his 12-year-old daughter.

Because defendant was aware of the victim's age and his sentencing exposure, and because the jury specifically found that the state proved the victim's and defendant's ages beyond a reasonable doubt, any error in the bill of information was harmless in this case and based on these facts. See **State v. Gibson**, 09-0486 (La.App. 5 Cir. 3/9/10), 38 So.3d 373[4] (citing **Neder v. United States**, 527 U.S. 1,

---

> The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

[3] It was not until after the parties had rested and the jury was so instructed that defendant objected to the bill of information's failure to disclose that the victim was under the age of 13.

[4] In **Gibson**, defendant was charged by bill of indictment for aggravated rape committed "upon known juvenile, D.O. B. 11/07/1998." *Id.*, 09-486 at 2, 38 So.3d at 374. The jury found defendant guilty of a lesser included offense of sexual battery, a violation of La. R.S. 14:43.1. *Id.* The district court sentenced defendant "in accordance with the penalty provision of La. R.S. 14:43.1 C(2)" as opposed to La. R.S. 14:43.1 C(1). *Id.*, 09-486 at 8, 38 So.3d at 377. The **Gibson** court observed:

> The relevant "statutory maximum" for a violation of La. R.S. 14.43.1 is ten years imprisonment with or without hard labor; this is the maximum sentence the trial court could have imposed without any additional findings. In order to sentence the defendant pursuant to the enhanced sentencing provision of La. R.S. 14.43.1 C(2), a finder of fact must determine that the defendant was seventeen years of age or older and that the victim was under the age of thirteen. The **jury instructions did not reflect** that the victim's and the defendant's ages are elements of the enhanced sentencing provision of La. R.S. 14.43.1 C(2).

19 (1999)); <u>see also</u> **State v. Gragg**, 22-377 (La.App. 3 Cir. 9/21/22), 348 So.3d 254.[5]

Accordingly, I would grant the state's writ application for the purpose of reversing the decision of the court of appeal and reinstating defendant's conviction and sentence, as I disagree with the appellate court's finding that "the State did not produce sufficient evidence for a rational trier of fact to conclude that the State

---

We must conclude that the trial judge determined that the defendant was seventeen years of age or older and that the victim was under the age of thirteen. This result is forbidden by **Apprendi** [**v. New Jersey**, 530 U.S. 466 (2000),] and its progeny. The state should have explicitly noted in the bill of information that La. R.S. 14.43.1 C(2) was applicable to the defendant given that sexual battery is a lesser included offense of aggravated rape. Moreover, the trial judge should have included a jury instruction reflecting that the defendant's and the victim's ages were elements of the enhanced sentencing provision. We note a passage from CHENEY C. JOSEPH, JR. AND P. RAYMOND LAMONICA, Louisiana Criminal Jury Instructions and Procedures Companion Handbook, § 10.43.1(a) (West 2009), which states with respect to sexual battery:

If the state alleges that the victim was under 13 (and the defendant is 17 or older), these factors should be included in the indictment or in response to a bill of particulars. Because the ages of the victim and the defendant are factors which significantly enhance the maximum sentence for those offenses, the jury must be instructed that these are elements of the enhanced offenses.

The fact that the trial court committed an **Apprendi** violation, however, does not end our analysis. In **Neder v. United States**, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), the United States Supreme Court held that "a [jury] instruction that omits an element of the offense does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence," and harmless error analysis may be appropriate. *Id.*, 527 U.S. at 8-9, 119 S.Ct. 1827 (emphasis in original). Moreover, the **Neder** Court found that if a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless. *Id.*, 527 U.S. at 17, 119 S.Ct. 1827.

*Id.*, 09-486 at 12-13, 38 So.3d at 379-80.

[5] In **Gragg**, defendant urged that he was not put on notice that the enhanced sentence would be sought since "the bill of indictment did not specifically reference the enhanced sentencing provision contained in La.R.S. 14:89.1(C)(2), nor did it state that [the victim] was under the age of thirteen at the time of the offense." *Id.*, 22-377 at 9, 348 So.3d at 261. The appellate court found that the defendant was put on notice based on the inclusion of the victim's date of birth in the bill of information, defense counsel's awareness of the enhanced sentencing exposure prior to trial, and "the written jury form addressed the age findings required for application of the enhanced sentencing provision." The state presented sufficient evidence at trial that the victim was under the age of 13, and the jury specifically found the victim was under the age of thirteen at the time of the offense. See *id.*, 22-377 at 15, 348 So.3d at 265.

proved beyond a reasonable doubt that [the victim] was under the age of thirteen at the time of the offense."[6]

---

[6] See **State v. Chester**, 23-0597, p. 7 (La.App. 1 Cir. 1/11/24), 383 So.3d 240, 246.

# SUPREME COURT OF LOUISIANA

## No. 2024-K-00207

## STATE OF LOUISIANA

## VS.

## MALCOLM J. CHESTER

On Writ of Certiorari to the Court of Appeal, First Circuit, Parish of Tangipahoa

**CRAIN, J., dissenting in part.**

In addition to reinstating defendant's conviction, I would reinstate the sentence imposed by the trial court. The bill of information charged defendant with committing a sexual assault upon a victim, his daughter, under the age of eighteen. The evidence conclusively established she was age thirteen or younger. The trial court then instructed the jury relative to committing the criminal act upon a victim age thirteen or younger, and the jury convicted defendant of the same. The trial court sentenced the defendant accordingly. I find this case distinguishable from *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), where the jury was not instructed on the enhancement and had no opportunity to expressly determine its application. Here, the jury expressly found that defendant's victim was age thirteen or younger. The facts establish that this defendant received constitutionally sufficient notice that if convicted, he faced punishment for victimizing a person age thirteen or younger. I dissent.

# SUPREME COURT OF LOUISIANA

## No. 2024-K-00207

## STATE OF LOUISIANA

## VS.

## MALCOLM J. CHESTER

On Writ of Certiorari to the Court of Appeal, First Circuit, Parish of Tangipahoa

**McCALLUM, J., concurs and assigns reasons.**

I agree with the majority's decision to reinstate the defendant's conviction and remand for sentencing. I write separately to point out that the action taken by the trial court in this instance was one beyond its authority.

"Except as otherwise provided by this constitution, a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district[.]" La. Const. Art. V, § 26 (B). "Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." La. C.Cr.P. art. 61.

It is incontrovertible the powers to institute and prosecute a criminal case lie with the district attorney. Here, the trial court essentially amended the bill of information *sua sponte*. It had no such authority.

If the trial court has the power to amend the bill of information to a more serious charge, it would also have the ability to amend the bill of information to a reduced charge. That is a power I am not willing to grant to judges.